ELECTRONICALLY FILED - 2018 Nov 27 11:12 AM - GREENVILLE - COMMON PLEAS - CASE#2018CP2305949

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | THIRTEENTH JUDICIAL CIRCUIT |
| ) | |
| COUNTY OF GREENVILLE ) | COURT OF COMMON PLEAS |
| ) | |
| Jay Hinton, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | (JURY TRIAL DEMANDED) |
| ) | |
| Auro Hotels Management, LLC, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Jay Hinton ("Plaintiff") brings this claim against Defendant Auro Hotels Management, LLC ("Defendant") based on the allegations set forth below.

### NATURE OF THE CLAIMS

1. This action is brought for unpaid overtime compensation, for liquidated damages, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is a citizen and resident of the County of Greenville, South Carolina.

3. Defendant Auro Hotels Management, LLC is a South Carolina corporation that is licensed to do business in South Carolina. During all times relevant to this Complaint, Defendant operated and continues to operate multiple hotel locations in Greenville County, South Carolina. Therefore, venue is proper in Greenville County, and this court has personal jurisdiction over Defendant.

4. This Court has subject matter jurisdiction over the claims in this lawsuit under article V § 11 of the South Carolina Constitution and South Carolina Code § 14-5-350, and pursuant to 29 U.S.C. § 216(b).

## FACTS

5.  From July 2017 to October 4, 2018, Plaintiff worked as a sous chef for Defendant in Greenville.

6.  Plaintiff was paid on a salary basis and regularly worked more than forty hours per work week, often upwards of sixty hours in a work week.

7.  Defendant deliberately misclassified Plaintiff as a "salaried exempt" employee and failed to pay him overtime for the hours he worked over forty in a given workweek.

8.  Plaintiff does not meet the criteria for any of the exemptions (professional, executive, or administrative exemptions) under the FLSA, and therefore Defendant improperly classified him as exempt from overtime pay in violation of the FLSA.

9.  Specifically, Plaintiff spent most of his work hours cooking on the line, not supervising employees. Further, he did not have the authority to hire or fire employees, nor was his input into hiring or firing employees given any particular weight. In fact, his opinion was frequently ignored or overruled by the management. Further, Plaintiff's job duties did not permit him to exercise discretion or independent judgment with respect to matters of significance.

### FOR A FIRST CAUSE OF ACTION
(Fair Labor Standards Act—Failure to Pay Overtime)

10. Plaintiff incorporates by reference all prior allegations into this cause of action.

11. Defendant is an "employer" for purposes of the Fair Labor Standards Act, 29 U.S.C. § 203(s), because it has annual gross sales or business of at least $500,000.00 and has employees engaged in interstate commerce. In addition, Plaintiff is a covered employee under the FLSA because he was involved in interstate commerce on a regular basis during his employment with Defendant.

12. Plaintiff routinely worked in excess of forty (40) hours per workweek for Defendant.

ELECTRONICALLY FILED - 2018 Nov 27 11:12 AM - GREENVILLE - COMMON PLEAS - CASE#2018CP2305949

13. Defendant failed to pay Plaintiff at the rate of one-and-a-half times his regular rate of pay for all hours worked in excess of forty hours weekly as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

14. Plaintiff is entitled to back wages at the rate of one-and-a-half times his regular rate of pay for all overtime hours worked in excess of forty hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

15. The failure of Defendant to compensate Plaintiff for overtime work as required by the FLSA was knowing, willful, intentional, and done in bad faith.

16. Plaintiff is also entitled to liquidated damages equal to the amount of unpaid overtime compensation due to him under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

17. Plaintiff is also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

18. The work and pay records of Plaintiff is in the possession, custody, and/or control of Defendant, and Defendant is under a duty pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to the regulations of the United States Department of Labor, to maintain and preserve such payroll and other employment records from which the amount of Defendant's liability can be ascertained. Plaintiffs request an order of this Court requiring Defendant to preserve such records during the pendency of this action.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in his favor and against the Defendant as follows:

a. An award of monetary damages to Plaintiff in the form of back pay for unpaid overtime compensation due, together with liquidated damages in an equal amount;

ELECTRONICALLY FILED - 2018 Nov 27 11:12 AM - GREENVILLE - COMMON PLEAS - CASE#2018CP2305949

b. A declaration that Defendant has willfully and in bad faith violated the minimum wage and overtime compensation provisions of the FLSA, and have deprived Plaintiff of his rights to such compensation;

c. Injunctive relief ordering Defendant to amend its wage and hour policies to comply with applicable laws;

d. Pre-judgment interest;

e. Attorneys' fees and costs; and

f. Award Plaintiff such other legal and equitable relief as this Court may deem proper.

Respectfully Submitted,

**The Horton Law Firm, P.A.**

s/ Jeremy R. Summerlin
**Jeremy R. Summerlin**
S.C. Bar No. 101383
jsummerlin@hortonlawfirm.net
307 Pettigru Street
Greenville, SC  29601
864.233.4351   864.233.7142 fax

*Attorney for Plaintiff Jay Hinton*

November 30, 2018

ELECTRONICALLY FILED - 2018 Nov 27 11:12 AM - GREENVILLE - COMMON PLEAS - CASE#2018CP2305949

ELECTRONICALLY FILED - 2018 Nov 27 11:12 AM - GREENVILLE - COMMON PLEAS - CASE#2018CP2305949

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | THIRTEENTH JUDICIAL CIRCUIT |
| ) | |
| COUNTY OF GREENVILLE ) | COURT OF COMMON PLEAS |
| ) | |
| Jay Hinton, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **SUMMONS** |
| v. ) | |
| ) | |
| Auro Hotels Management, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**TO THE DEFENDANT ABOVE-NAMED:**

You are hereby summoned and required to answer the Complaint in this action, a copy of which is attached hereto and herewith served upon you, and to serve a copy of your answer to same upon the subscribed at 307 Pettigru Street, Greenville, South Carolina, 29601 within thirty (30) days after the service of same, exclusive of the day of such service. If you fail to answer same within the thirty (30) day period, Plaintiff will apply to the Court for the relief demanded therein and judgment will be taken against you by default.

Respectfully submitted,

**Horton Law Firm, P.A.**

s/ Jeremy R. Summerlin
**Jeremy R. Summerlin**
S.C. Bar No. 101383
jsummerlin@hortonlawfirm.net
307 Pettigru Street
Greenville, South Carolina 29601
864.233.4351   864.233.7142 fax

*Attorney for Plaintiff Jay Hinton*

November 30, 2018